The court delivered the following decree:
This case turns on the validity and operation of a deed executed by Joseph Gibson, deceased, to Jacob Gibson, the defendant, for the benefit of the complainant, whom Joseph Gibson, claimed as an illegitimate son.
It appears that Joseph Gibson had neither wife nor lawful issue ; so that the case stands clear1 of any objection drawn from the bastardy act; and Joseph Gibson was u-ee to dispose, of his property to any person by deed op will.
*142 One objeciion to this deed is, that the deed was either gratuitous, and no possession being given of any property, but it being to take effect at a future \ and mv certain time, it cannot legally take effect j such gifts being void at law. And that it cannot be supposed the executor of this deed, intended to preclude himself from altering or recalling the deed if he had chosen $ which would bo inconsistent with an absolute gift, and shews the same to be void.
I am of opinion, however, that this deed, though gratuitous, and unaccompanied by possession of the property, is valid. Yerbal gifts, unaccompanied by possession, arc indeed void. But the law considers the deliberate execution of a deed, sufficiently - evincive of a settled purpose to give, which may take effect at a future' day 5 and it is the duty of courts so to construe deeds, ut res magis valeat quam pereat. And though this deed bo badly drawn, and awkward in its provisions, the intent of the donor is sufficiently clear. It intended to create a trust in the defendant Jacob Gibson, of all Joseph Gibson’s property, for the benefit of the complainant.
It is not necessary for the court to embarrass itself with the question, whether the deed was revocable, and wlnit effect that ought to have on the case. It is enough io say, that the deed was not revoked, and must have its effect, unless some legal or moral principle bo violated thereby.
It is further objected, that this deed expresses a consideration of an immoral tendency, and which tills court ought not to sanction. That it is a gift of property for a child, whom the donor recognizes to be the child of a woman, who was the wife of another man, which is a moral turpitude, that cannot receive the support of this court. God forbid that I should lend the sanction of the court, to any thing which would shake or loosen those great moral ties, which bind society together $ hut we must not permit our feelings and apprehensions to mislead our judgment. Although it is morally as well as legally improper to have illegitimate children, the law *143 xiot only permits, but enjoins it on the father to maintain the illegitimate child. The immorality is in the act and not in the provision $ for if this man had really violated the marriage bed of another, and had a child by the wife, it was more proper that he should provide for it out of his substance, than that he should have allowed the injured husband to remain the dupe of his artifices and crimes, and to bear the burthen of the fruit of them. Besides, the child is innocent at all events, and it is he who is to bo benefitted by the deed. I see no solid objection, therefore, against the deed being supported.
It is ordered and decreed, that the defendants do account with the complainant for the Whole amount of the property left hy Joseph .Gibson,, including the price brought by the sale of the negro: and that the costs^ of this suit be paid out of the estate' of Joseph Gibson.*
There was no appeal from this^dccrec.

 This is not|an encouragemefttl'of any][comipt"or‘vicious habits. If the donor had made use of this as a mode of slandering1 a virtuous family, the gift would be repelled with indignation, and the donor, if living, punished for the slander. But if it were really true, that a man had intruded himself into a Jámily/'and \vas¡the¡father of one o the children of that family, it was his "duty, to; makeisome.,compensation for the evil he had done, by providing forjthe child^whicli was, at all events, innocent, and at liberty to accept such provision. Settlements made by men on their mistresses, and their children, have been supported ill equity, when made in premium pudicitise, as a compensation for the injury done ; though not where it is a reward for the continuance of Ufe vicious connection, which would be pro turpi cansa.